UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

MARIA VON ROMER,

    Plaintiff,

v.                                        Case No. _____

CKS PACKAGING, INC.

    Defendant.

_____/

## **DEFENDANT'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§1332, 1441, and 1446, Defendant, CKS PACKAGING, INC., ("Defendant"), hereby gives notice of removal of the case styled *Maria Von Romer v. CKS Packaging, Inc.*, Case No. CACE-21-5396, currently pending in the Circuit Court for the Seventeenth Judicial Circuit, in and for Broward County, Florida, to the United States District Court for the Southern District of Florida, Fort Lauderdale Division. As grounds, Defendant states as follows:

1. On or about March 15, 2021, Plaintiff, Maria Von Romer ("Plaintiff"), commenced an action against Defendant in the Circuit Court for Seventeenth Judicial Circuit, in and for Broward County, Florida, styled *Maria Von Romer v. CKS Packaging, Inc.*, Case No. CACE-21-5396.

2. The Summons and Complaint were served on Defendant on March 17, 2021. Pursuant to 28 U.S.C. §1446(a), a true and correct copies of all pleadings, process, and orders

served in this action are attached hereto and incorporated herein as **Exhibit 1**.[1]  This constitutes all processes, pleadings, and orders served in the state court case to date.

   3. Written notice of the filing of the Notice of Removal to the federal court is being provided to Plaintiff herewith, as required by 28 U.S.C. §1446(d).

   4. A true copy of the notice being filed with the Clerk of Court for the Circuit Court for the Nineteenth Circuit Judicial Circuit, in and for Broward County, Florida, as required by law, is attached hereto as **Exhibit 2**.

## I. JURISDICTION

   5. This Court has original jurisdiction over this action pursuant to the provisions of 28 U.S.C. §1332(a).  This action may be removed to this Court by Defendant pursuant to 28 U.S.C. §1441, in that it is a civil action in which the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.  Specifically, the facts supporting diversity jurisdiction are as follows:

## II. DIVERSITY OF CITIZENSHIP

### A. Plaintiff Is a Citizen of Florida

   6. For an individual, "[c]itizenship is equivalent to 'domicile' . . . [which is] the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation omitted).  "A person's domicile is determined by a review of the 'totality of the evidence' . . . ." *Comprehensive Care Corp v. Katzman*, No. 8:09-cv-1375, 2009 WL 3157634, at * 2 (M.D. Fla. 2009) (citing *Jones v. Law Firm of Hill & Ponton*, 141 F. Supp. 2d 1349 (M.D. Fla. 2001)).  Evidence that may be factored into a court's consideration

---

[1] The removal will refer to the Complaint filed in state court as **Exhibit 1**, Complaint, ¶ ____.

includes affidavits and other testimony, driver's license, tax returns, banking statements, voter registration, medical records, utility phone bills, employment records, vehicle registration, professional licenses, membership in religious, recreational and business organizations, location of real property, and place of employment. *See e.g., Sunseri v. Macro Cellular Partners*, 412 F.3d 1247, 1249 (11th Cir. 2005); *McDonald v. Equitable Life Ins. Co. of Iowa*, 13 F. Supp. 2d 1279, 1281 (M.D. Ala. 1998); *Smyth v. Hillstone Rest. Group, Inc.*, No. 13-80217, 2013 WL 2048188, at *2 (S.D. Fla. 2013).

7.  Here, given the totality of the evidence, there can be no doubt that Plaintiff is, and was at the time of filing the Complaint and at the time of removal, a citizen of the State of Florida. As alleged in the Complaint, "Plaintiff is a resident of Broward County, Florida." *See* **Exhibit 1**, Complaint at ¶ 3. As a permanent resident of Florida, Plaintiff is domiciled in and therefore, a citizen of the State of Florida. *See Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1342 (11th Cir. 2011) (holding that an assertion of permanent residency sufficiently alleges domicile); *see also Smyth*, 2013 WL 2048188 at *2.

### B. Defendant Is Not a Citizen of Florida

8.  Diversity of citizenship exists because Defendant is not a citizen of the State of Florida within the meaning of 28 U.S.C. §1332(c)(1).

9.  Defendant is foreign corporation under the laws of the State of Georgia with its principal place of business in Georgia. *See Pitts ex rel. Pitts v. Seneca*, 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004) (a corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the state where it has a principal place of business). *See* Declaration of Michael Pritchard at ¶ 7, attached hereto as **Exhibit 3**.

### III.     AMOUNT IN CONTROVERSY

10. When, as here, damages are not specified in the state court complaint, the removing defendant bears the burden of proving that the amount in controversy exceeds $75,000 by a preponderance of the evidence. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); *see also Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (holding a removing defendant "is not required to prove the amount in controversy beyond all reasonable doubt or to banish all uncertainty about it."). In determining the amount in controversy, the Court should look to the complaint. *See Id.*

11. If the amount is indeterminate from the complaint alone, as it is in this case, the "[C]ourt can look to the notice of removal and other evidence relevant to the amount in controversy at the time the case was removed." *See Leon v. First Liberty Ins., Corp.*, 903 F. Supp. 2d 1319, 1321 (M.D. Fla. 2012) (internal citations and quotations omitted). "This evidence may include the removing defendant's own affidavit, declaration, or other documentation." *Id.* Moreover, the Court is permitted to make "reasonable deductions" and "reasonable inferences" and need not "suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount." *Pretka*, 608 F.3d at 770.

12. As part of Plaintiff's three-count Complaint, Plaintiff has alleged damages "that exceed[] the sum of Fifteen Thousand Dollars ($15,000.00)." S*ee* **Exhibit 1**, Complaint at ¶ 1. Plaintiff brings forth allegations of violations of Chapter 760 of the Florida Statutes, specifically sex/gender discrimination and retaliation. *See* **Exhibit 1**, Complaint. Plaintiff seeks compensation for "backpay, front pay, compensatory, punitive damages, costs, attorneys['] fees, and any further

relief that this Court deems just and proper." *See* **Exhibit 1**, Complaint, Wherefore paragraphs following ¶¶ 36, 42, and 47. Taken together, while undefined, it is clear from the face of the Complaint and allegations pled that Plaintiff's claims exceed $75,000.

13. Plaintiff is seeking "other relief as this Court deems just and necessary." *See* **Exhibit 1**, Complaint, Wherefore paragraphs following ¶¶ 36, 42, and 47. Under the Florida Civil Rights Act ("FCRA"), a plaintiff may recover, among other things, the following types of relief: back pay; compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injury; punitive damages; and attorneys' fees and costs. *See Fla. Stat.* § 760.11(5). It is reasonable to conclude for purposes of determining the amount in controversy, that Plaintiff is seeking all of the relief to which she would be entitled as a prevailing party.

 **A. Plaintiff's Claim for Back Pay and Other Damages Well Exceed $75,000**

14. Under the FCRA, a successful plaintiff is "presumptively entitled to back pay." *Brown v. Cunningham Lindsey, U.C., Inc.*, No. 3:05-cv-141, 2005 WL 1126670, at *3 (M.D. Fla. 2005) (citing *Nord v. U.S. Steel Corp.*, 758 F.2d 1462, 1472-1473 (11th Cir. 1985)). For purposes of determining the amount in controversy, this Court has considered the potential back pay award from the date of the adverse employment action until the proposed trial date. *See Sheehan v. Westcare Found., Inc.*, No. 8:12-cv-2544, 2013 WL 247143, at * (M.D. Fla. 2013) (J. Covington). *See also Hallmeyer v. Gateway Clippers, LLC*, No. 8:12-cv-02876, 2013 WL 268643, at *2 (M.D. Fla. 2013) (holding back pay damages may be calculated through the proposed trial date to establish the jurisdictional amount). Therefore, consistent with this Court's ruling in *Sheehan*, Plaintiff's claims for lost income should be determined by considering what she would have earned

5

had she continued working for Defendant from the last day she worked until the approximate trial date approximately one (1) year from now.

15. Beginning in May of 2018, Defendant employed Plaintiff as a Safety Manager. *See* **Exhibit 1**, Complaint at ¶ 6. Defendant terminated Plaintiff's employment on March 22, 2020. *See* **Exhibit 3** at ¶ 8.

16. At the time of the separation of her employment, Plaintiff was a full-time employee earning an annual base salary of $63,000.08, or $1,211.54 per week. At the time of the separation of her employment, Plaintiff received benefits from CKS by way of $135.00 per week company contributions toward health insurance and $15.00 per week in cell phone allowance. Plaintiff's weekly pay and benefits equated to $1,361.54 per week. *See* **Exhibit 3** at ¶ 9.

17. Consequently, as of April 6, 2021, the date of removal, which is 54 weeks, Plaintiff's claimed lost wages and benefits equate to $73,523.16.

18. Furthermore, by the time of trial -- approximately one year from the date of removal – Plaintiff's claimed lost wages would likely exceed $144,000.00.

19. Accordingly, Plaintiff's potential back pay award for her base salary and benefits *alone* exceeds the $75,000.00 threshold for diversity jurisdiction.

20. The jurisdictional threshold also is further exceeded if the Court considers Plaintiff's claims for front pay, compensatory damages, and punitive damages. *See Cowan v. Genesco, Inc.*, 2014 WL 3417656 *13 (M.D. Fla. 2014) (noting that the Eleventh Circuit encourages district courts to use "judicial experience and common sense based on the evidence presented and the nature of the claims alleged in determining whether the jurisdictional threshold is reached").

21. Plaintiff's claim for punitive damages also must be considered "when determining the amount in controversy unless it is apparent to a legal certainty that such [damages] cannot be recovered." *Gavronsky*, 2010 WL 717485 *7-8 (citing *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir.1987)). In the instant case, Plaintiff has pled that Defendant's alleged actions were enough warranting an award of punitive damages. *See* **Exhibit 1**, Complaint, Wherefore paragraphs following ¶¶ 36, 42. The record does not demonstrate that Plaintiff would be willing to limit her punitive damages award in any way.

22. Based on the claims alleged, the damages pled, and the demand for damages and fees, it is clear that the jurisdictional threshold is met. *See Cowan*, 2014 WL 3417656 *13.

### B. Attorneys' Fees Also Should Be Considered When Calculating the Amount in Controversy

23. Further, Plaintiff's request for attorneys' fees and costs must be taken into account when calculating the amount in controversy. *See* § 760.11(5), *Fla. Stat.* (stating that prevailing plaintiff under the FCRA is entitled to recover attorneys' fees). Indeed, when a statute, such as the FCRA, "authorizes the recovery of attorneys' fees, a reasonable amount of those fees is included in the amount in controversy." *Brown*, 2005 WL 1126670, at *4 (including prospective attorneys' fees in the amount in controversy) (citing *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000)); *see also Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1079 (11th Cir. 2000) (considering attorneys' fees in deciding whether to remand case to state court). Because attorneys' fees in employment cases often exceed the jurisdictional threshold of $75,000, there is no question that the amount in controversy has been satisfied in the instant case. *See, e.g.*, *Mock v. Bell Helicopter Textron, Inc.*, 2010 WL 5066121 (M.D. Fla. Sept. 2010) (awarding plaintiff $342,207.81 in attorneys' fees in age discrimination case); *EEOC v. Enterprise Leasing Co., Inc.*, No. 8:00-cv-2012, 2003 WL 21659097, at *8 (M.D. Fla. May 16, 2003) (intervening attorney was

awarded $77,165.00 for work performed in a non-complex case by lead counsel even after reducing lead counsel's hourly rate, the number of hours billed, and adjusting the lodestar).

24.     In determining the potential amount of attorneys' fees at issue in the case, the Court should calculate such fees as of the removal date through the proposed trial date. *See Hall v. Am. Sec. Ins. Co.*, No. 09-21697, 2009 WL 2215131, at *1-2 (S.D. Fla. 2009) (rejecting argument that court is to consider attorneys' fees incurred only as of the removal date when calculating the amount in controversy); *Mirras v. Time Ins. Co.*, 578 F. Supp. 2d 1351, 1352-1353 (M.D. Fla. 2008) (holding that amount in controversy was satisfied where the plaintiff sought $49,413.72 for treatment and care and the defendant offered evidence that attorneys' fees would reach at least $28,000 during litigation); *Alshakanbeh v. Food Lion, LLC*, No. 3:06-cv-1094, 2007 WL 917354, at *2 (M.D. Fla. 2007) (holding that the defendant's counsel's estimate of the plaintiff's attorneys' fees through trial was not a mere conclusory or speculative allegation).

25.     In this case, Defendant estimates that Plaintiff's counsel may spend 250 hours litigating this case through trial. Such an estimate is consistent with how district courts within the Eleventh Circuit have defined "reasonableness" in terms of hours spent litigating a case. *See St. Fleur v. City of Ft. Lauderdale*, 149 F. App'x 849, 854 (11th Cir. 2005) (affirming reduction of attorneys' fee award by only thirty percent when the plaintiff's attorneys claimed they billed 1500 hours litigating Title VII claims through trial); *Holland v. Gee*, No. 8:08-cv-2458, 2012 WL 5845010, at *2 (M.D. Fla. 2012) (finding that 260.8 hours billed by lead attorney and 190.8 hours billed by associate attorney was reasonable in Title VII and FCRA case that proceeded through trial). Accordingly, based on the forgoing, the Court should find that 250 hours is a reasonable estimate of the hours Plaintiff's counsel will spend litigating this case.

26.     Further, courts have also found approximately $250.00 per hour to be a reasonable

hourly rate for an attorney with Plaintiff's counsel Randy A. Fleischer's experience.[2] *See, e.g., St. Fleur*, 149 F. App'x at 852-853 (affirming $250 as reasonable hourly rate for lead trial attorneys litigating Title VII claim); *Johnson v. Potter,* No. 8:08-cv-1279, 2011 WL 672347, at *2-3 (M.D. Fla. 2011) (finding hourly rates ranging from $200.00 to $350.00 reasonable for work performed by attorneys with various levels of experience in a case involving claims brought under Title VII and the FMLA).  Based on the foregoing, Plaintiff's attorneys' fees in the instant case will amount to at least the jurisdictional threshold of $75,000.  Accordingly, it is more likely than not that Plaintiff's claims for back pay and attorneys' fees well exceed the jurisdiction threshold of $75,000, without even considering compensatory damages, punitive damages, or front pay.

## IV.     CONCLUSION

27.     Since Plaintiff's back pay to date already exceeds $75,000, it is irrefutable that Plaintiff's claims for back and front pay, compensatory damages, punitive damages and attorneys' fees will far exceed the jurisdictional threshold of $75,000.

28.     Therefore, this court has jurisdiction over Plaintiff's claims. *See* 28 U.S.C. §1332, 1441, and 1446.

WHEREFORE, Defendant respectfully requests that *Maria Von Romer v. CKS Packaging, Inc.,* Case No. CACE-21-5396, currently pending in the Circuit Court for the Seventeenth Judicial Circuit, in and for Broward County, Florida, be removed to the United States District Court for the Southern District of Florida.

---

[2]   Florida Bar records indicate that Attorney Fleischer's was admitted to practice in Florida in 1991.

Dated: April 6, 2021

Respectfully submitted,

*/s/ Jennifer Monrose Moore*
Jennifer Monrose Moore
Florida Bar No. 35602
Stephanie C. Generotti
Florida Bar No. 112924
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
100 North Tampa Street, Suite 3600
Tampa, Florida 33602
Telephone: (813) 289-1247
Facsimile: (813) 289-6530
Email:    jennifer.moore@ogletree.com
           stephanie.generotti@ogletree.com

***Attorneys for Defendant CKS Packaging, Inc.***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 6, 2021, I electronically filed the foregoing with the Courts CM/ECF system and that a true and correct copy of the foregoing was sent via electronic mail to the following:

Randy A. Fleischer, Esquire
7805 SW 6 Court
Plantation, Florida 33324
randy@rafesq.com
*Attorney for Plaintiff*

*/s/ Jennifer Monrose Moore*
Attorney

46483404.1