# EXHIBIT 1

## Maria Von Romer Plaintiff vs. CKS Packaging, Inc., Defendant

**Broward County Case Number:** CACE21005396
**State Reporting Number:** 062021CA005396AXXXCE
**Court Type:** Civil
**Case Type:** Other - Discrimination Employment or Other
**Incident Date:** N/A
**Filing Date:** 03/15/2021
**Court Location:** Central Courthouse
**Case Status:** Pending
**Magistrate Id / Name:** N/A
**Judge ID / Name:** 08 Haimes, David A.

### Party(ies)

Total: 2

| Party Type | Party Name | Address | Attorneys / Address  Denotes Lead Attorney |
|---|---|---|---|
| Plaintiff | **Von Romer, Maria** | | Fleisher, Randy  Retained  Bar ID: 910546  7805 SW 6 Court  Platation, FL 33324  **Status: Active** |

| Party Type | Party Name | Address | Attorneys / Address<br>Denotes Lead Attorney |
|---|---|---|---|
| Defendant | **CKS Packaging, Inc.,** | | Monrose, Jennifer M<br>Retained<br>Bar ID: 35602<br>Ogletree,Deakins,Nash,Smoak & Stewart<br>100 N Tampa St., Ste 3600<br>Tampa, FL 33602<br>**Status: Active**<br><br>Generotti, Stephanie<br>Retained<br>Bar ID: 112924<br>Ogletree, Deakins, Nash, Smoak & Stewart<br>100 N Tampa St<br>Ste 3600<br>Tampa, FL 33602<br>**Status: Active** |

### — Disposition(s)  Total: 0

| Date | Statistical Closure(s) |
|---|---|

| Date | Disposition(s) | View | Page(s) |
|---|---|---|---|

### — Event(s) & Document(s)  Total: 5

| Date | Description | Additional Text | View | Pages |
|---|---|---|---|---|
| 03/22/2021 | **Notice of Appearance** | Party: *Defendant* CKS Packaging, Inc., | 📄 | 2 |
| 03/16/2021 | **Search for prior case performed per 2020-4-Civ-UFC-CO** | none | 📄 | 1 |

| Date | Description | Additional Text | View | Pages |
|---|---|---|---|---|
| 03/15/2021 | Civil Cover Sheet | Amount: $100,001.00 | 📄 | 3 |
| 03/15/2021 | Complaint (eFiled) | VERIFIED AND JURY DEMAND Party: *Plaintiff* Von Romer, Maria | 📄 | 7 |
| 03/15/2021 | eSummons Issuance | Party: *Defendant* CKS Packaging, Inc., | 📄 | 1 |

— Hearing(s)                                      Total: 0

**There is no Disposition information available for this case.**

— Related Case(s)                                 Total: 0

**There is no related case information available for this case.**

IN THE CIRCUIT COURT OF THE
17th JUDICIAL CIRCUIT, IN AND
FOR BROWARD COUNTY FLORIDA

MARIA VON ROMER,

    Plaintiff,                                                  Case No.

v.

CKS PACKAGING, INC.,

    Defendant.
_____/

## VERIFIED COMPLAINT AND JURY DEMAND

COME NOW the Plaintiff, MARIA VON ROMER, by and through the undersigned attorney and hereby files this Verified Complaint and Demand for Jury Trial against Defendant, CKS PACKAGING, INC., (hereinafter "Defendant"), and alleges:

## THE PARTIES, JURISDICTION, AND VENUE

1. This action is for damages in excess of $30,000.

2. This is an action for employment discrimination based on sexual harassment and retaliation in violation of F.S. 760 and for retaliation for blowing the whistle in violation of F.S.§ 448.102.

3. At all times material, Plaintiff MARIA VON ROMER is a resident of Broward County and is otherwise sui juris.

4. At all times material hereto, Defendant, CKS PACKAGING, INC , was and is a corporation registered in the State of Florida with its principal place of business in Broward County Florida.

5. Venue is proper in the 17th Judicial Circuit because the claims arose in Broward County and the parties reside or are principled in Broward County, Fla.

1

## FACTS COMMON TO ALL COUNTS

6. Plaintiff was employed by Defendant in May 2018 as Safety Manager.

7. At the end of 2019 and the beginning of 2020, Plaintiff was sexually harassed by Louis Urbina who was also employed by Defendant.

8. While Plaintiff was working for Defendant, Urbina made the following statements to Plaintiff: "I make lots of money", "You are a rich woman.", Why don't you buy me a drink, . . . come on Maria".

9. Urbina asked Plaintiff to go out with him repeatedly.

10. Plaintiff responded to Urbina: "I do not buy a man a drink" and "Leave me alone".

11. Urbina repeatedly responded to Plaintiff: "You and I are going to get married" and "You have a very nice body".

12. Urbina asked Plaintiff to go out with him repeatedly.

13. On March 5, 2020, while both were at work for Defendant, Plaintiff asked Urbina to stop making sexual comments and advances.

14. Mr. Urbina got upset, raised his voice, told Plaintiff: "You are crazy and forgot to take your medications."

15. Urbina then made false allegations to Operations Manager Frontiero, who supervised both of Urbina and Plaintiff, that Plaintiff was yelling profanities and threw a chair.

16. Urbina told these lies to management in retaliation against Plaintiff for asking Urbina to stop harassing her me and to treat her with respect.

17. Plaintiff was suspended over the false allegations made by Urbina.

2

18. Plaintiff attempted to complain to Mr. Frontiero who told Plaintiff he did not want to hear her side of the side and that Plaintiff should "tell it to HR".

19. In retaliation for Plaintiff's complaint, Supervisor Frontiero suspended Plaintiff prior to notifying corporate human relations of the suspension, in violation of corporate policy.

20. Plaintiff complained to Human Resources three times about OSHA and EPA violations in regards to: oil spills; removal of the ladder that blocked the path to the fire exit; and, that there were no emergency lights when a power failure occurred.

21. The fire exit blockage was also reported by the Fire Marshall.

22. Plaintiff suffered retaliation for blowing the whistle on these problems by being ordered to check the timing belts on machines that Plaintiff had no experience with, which could have caused her injury, as it that same machine had caused an injury to an employee at another plant the day before.

23. Plaintiff then complained to Human Resources about the sexual harassment and was told that her employment was over.

24. Defendant fired Urbina after Plaintiff was terminated because other female employees complained Urbina sexually harassed them.

25. On March 17, 2020 Defendant offered Plaintiff one month's severance to sign a release agreement that included a non-disparagement clause.

26. Plaintiff would not agree to the contract and release.

27. Plaintiff has suffered damages do the discrimination, harassment and retaliatory termination that occurred during her employment by Defendant.

28. Plaintiff filed an EEOC Charge in April 2020.

3

29. Defendant refused to respond to the EEOC charge.

30. Plaintiff is filing this lawsuit six months after filing the EEOC charge.

31. Plaintiff was compelled to hire legal counsel in order to get a fair remedy from Defendant.

32. Plaintiff has satisfied all prerequisites to filing this lawsuit.

## Count I
## Sexual Harassment

33. The Plaintiff readopts and realleges Paragraphs 1 through 32 above, and further alleges:

34. Plaintiff was sexually harassed by co-worker Louis Urbina who made unwanted sexual comments, unwanted requests for dates and responded in anger when Plaintiff requested he stop harassing her.

35. Urbina made false allegations against Plaintiff in retaliation for her requests that he stop harassing her.

36. Plaintiff suffered damages as she was emotionally distraught, suspended and terminated as a result of the sexual harassment.

WHEREFORE Plaintiff respectfully requests judgment be entered against Defendant to make her whole and that an Order be entered:

a. Awarding Plaintiff backpay;

b. Awarding Plaintiff front pay;

c. Awarding Plaintiff compensatory;

d. awarding Plaintiff punitive damages;

e. awarding attorney fees and costs;

f. Grant such other relief as the Court deems just and necessary.

4

## Count II
## Retaliatory Discharge

37. The Plaintiff readopts and realleges Paragraphs 1 through 32 above, and further alleges:

38. The Plaintiff attempted to complain to Operations Manager Frontiero that Urbina was sexually harassing her.

39. Frontiero refused to listen to Plaintiff's complaints and suspended her when she attempted to complain, prior to notifying corporate Human Resources of the suspension..

40. Defendant had general corporate knowledge that Urbina was sexually harassing Plaintiff and that she attempted to complain to Human Resources when she was suspended.

41. Plaintiff was terminated in retaliation for complaining of sexual harassment.

42. Plaintiff suffered damages as she was emotionally distraught, suspended and terminated in retaliation for complaining of sexual harassment.

WHEREFORE Plaintiff respectfully requests judgment be entered against Defendant to make her whole and that an Order be entered:

a. Awarding Plaintiff backpay;

b. Awarding Plaintiff front pay;

c. Awarding Plaintiff compensatory;

d. Awarding Plaintiff punitive damages;

e. Awarding attorney fees and costs;

f. Grant such other relief as the Court deems just and necessary.

## Count III
## Whistleblower Retaliatory Discharge

43. The Plaintiff readopts and realleges Paragraphs 1 through 32 above, and further alleges:

44. Plaintiff complained to Operations Manager Steve Frontiero and Operation and Plant Manager Joe Murphy three times about OSHA and EPA violations regarding oil on the floor, fire exits being blocked and no emergency lights during a power outage.

45. Plaintiff suffered retaliation for blowing the whistle on these problems by being ordered to check the timing belt on machines that Plaintiff had no experience with, which could have caused her injury and which caused another employee who also was not qualified to do the job, a hand injury the day before at a different plant.

46. Plaintiff was terminated in retaliation for her complaints about violations of EPA and OSHA rules.

47. Plaintiff suffered damages as she was emotionally distraught, suspended and terminated in retaliation for complaining of OSHA and EPA violations.

WHEREFORE Plaintiff respectfully requests judgment be entered against Defendant to make her whole and that an Order be entered:

a. Awarding Plaintiff backpay;

b. Awarding Plaintiff front pay;

c. Awarding Plaintiff compensatory;

d. awarding attorney fees and costs pursuant to Fla. Stat. § 448.104;

e. Grant such other relief as the Court deems just and necessary.

## JURY DEMAND

6

48. Plaintiff demands a jury to try all claims triable by a jury.

## PLAINTIFF VERIFICATION

_____
MARIA VON ROMER

STATE OF FLORIDA:

COUNTY OF BROWARD:

BEFORE ME, the undersigned authority, personally appeared MARIA VON ROMER, who, being first duly sworn deposes and says that she has read the foregoing Verified Complaint and Jury Demand, and all Factual Allegations are correct to the best of her knowledge.

SWORN TO and subscribed before me by MARIA VON ROMER, who is personally known to me, this __11th__ day of March, 2021.

My Commission Expires: Aug 27th, 2021

Notary Public
State of Florida

Respectfully submitted,

s/R.Fleischer
Randy A. Fleischer
Florida Bar Number 910546
7805 SW 6 Court
Plantation FL 33324
(954) 472-8401
(954) 472-8446 (fax)
randy@rafesq.com

7

IN THE CIRCUIT COURT OF THE
17th JUDICIAL CIRCUIT, IN AND
FOR BROWARD COUNTY, FLORIDA

MARIA VON ROMER,

    Plaintiff,                        Case No.

v.                                     **<u>SUMMONS</u>**

CKS PACKAGING, INC.,

    Defendant.
_____/

STATE OF FLORIDA:

    To All and Singular the Sheriffs of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on the Defendant, CKS PACKAGING, INC.,

        C T CORPORATION SYSTEM
        1200 SOUTH PINE ISLAND ROAD
        PLANTATION, FL 33324

    Defendant is required to serve written defenses to the complaint or petition on RANDY A. FLEISCHER, Plaintiff's attorney, whose address is: Law Offices of Randy A. Fleischer, P.A., 7805 SW 6 Court, Plantation FL 33324 within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the complaint or petition.

    WITNESS my hand and seal of this Court on   MAR 16 2021

                                                                            As Clerk of the Court

                                                                            As Deputy

                                                                       BRENDA D. FORMAN

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

_____

**I.    CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>SEVENTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u>   COUNTY, FLORIDA

<u>Maria Von Romer</u>
Plaintiff

Case # _____

Judge _____

vs.

<u>CKS Packaging, Inc.</u>
Defendant

_____

**II.    AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

**III.    TYPE OF CASE**    (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 03/15/2021 10:57:17 AM.****

**CIRCUIT CIVIL**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence—other
    - ☐ Business governance
    - ☐ Business torts
    - ☐ Environmental/Toxic tort
    - ☐ Third party indemnification
    - ☐ Construction defect
    - ☐ Mass tort
    - ☐ Negligent security
    - ☐ Nursing home negligence
    - ☐ Premises liability—commercial
    - ☐ Premises liability—residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
    - ☐ Commercial foreclosure
    - ☐ Homestead residential foreclosure
    - ☐ Non-homestead residential foreclosure
    - ☐ Other real property actions

- ☐ Professional malpractice
    - ☐ Malpractice—business
    - ☐ Malpractice—medical
    - ☐ Malpractice—other professional
- ☒ Other
    - ☐ Antitrust/Trade regulation
    - ☐ Business transactions
    - ☐ Constitutional challenge—statute or ordinance
    - ☐ Constitutional challenge—proposed amendment
    - ☐ Corporate trusts
    - ☒ Discrimination—employment or other
    - ☐ Insurance claims
    - ☐ Intellectual property
    - ☐ Libel/Slander
    - ☐ Shareholder derivative action
    - ☐ Securities litigation
    - ☐ Trade secrets
    - ☐ Trust litigation

**COUNTY CIVIL**

- ☐ Small Claims up to $8,000
- ☐ Civil
- ☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

### COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**IV. REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V. NUMBER OF CAUSES OF ACTION:** [ ]
(Specify)

  3

**VI. IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ yes
☒ no

**VII. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VIII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Randy Alan Fleischer      Fla. Bar # 910546
    Attorney or party                (Bar # if attorney)

Randy Alan Fleischer          03/15/2021
(type or print name)           Date

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

Case Number: CACE-21-005396

**Maria Von Rauer**
Plaintiff

Judge Division: 08

vs.

**CKS Packaging, Inc**
Defendant


FILED MAR 15 2021 By

# CLERK'S CERTIFICATE OF COMPLIANCE

I hereby certify that pursuant to Administrative Order, No. 2020-73-Civ/ 2020-74-UFC:

"ADMINISTRATIVE ORDER DIRECTING CLERK OF COURTS WITH REGARD TO DISMISSED CIVIL OR FAMILY CASES",

The Clerk has conducted a search for all previous existing civil cases related to these two parties.

Listed below are all the aforementioned related cases: NONE

BRENDA D. FORMAN,
Circuit and County Courts

By: _____
Deputy Clerk

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA
CIVIL DIVISION

MARIA VON ROMER,

    Plaintiff,

v.

CKS PACKAGING, INC.,

    Defendant.
_____/

CASE NO. CACE-21-005396
DIVISION: 08

## NOTICE OF APPEARANCE

COMES NOW Jennifer M. Moore, Esquire and Stephanie C. Generotti, Esquire of the law firm Ogletree, Deakins, Nash, Smoak & Stewart, P.C. and enters their Notice of Appearance for and on behalf of Defendant CKS PACKAGING, INC., in the above-captioned matter, and requests that copies of all pleadings, motions and other documents filed in the captioned matter be served on the undersigned.

Dated: March 22, 2021.

Respectfully submitted,

/s/ *Stephanie C. Generotti*
Jennifer M. Moore, Esq.
Florida Bar No. 35602
jennifer.moore@ogletree.com
Stephanie C. Generotti
Florida Bar No. 112924
stephanie.generotti@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
100 North Tampa Street, Suite 3600
Tampa, Florida 33602
Telephone: 813-279-1247
Facsimile: 813-289-6530
Secondary Emails:
lennon.graves@ogletree.com
melissa.salazar@ogletree.com
tamdocketing@ogletree.com
***Attorneys for Defendant***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 22, 2021, I electronically filed the foregoing with the Clerk of Court via the Florida Courts E-Filing Portal, which will send electronic notification to:

Randy A. Fleischer, Esq.
Law Offices of Randy A. Fleischer, P.A.
7805 SW 6 Court
Plantation, Florida 33324
randy@rafesq.com
***Attorney for Plaintiff***

                                          */s/ Stephanie C. Generotti*
                                          Attorney

46478290.1