UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-CV-60748-SINGHAL/VALLE

MARIA VON ROMER,

    Plaintiff,

v.

CKS PACKAGING, INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS CAUSE is before the Court upon Defendant C.K.S. Packaging, Inc.'s Bill of Costs under 28 U.S.C. § 1920 and Supportive Memorandum (ECF Nos. 19, 20) (together, "the Motion"). United States District Judge Raag Singhal has referred the Motion to the undersigned for a Report and Recommendation. *See* (ECF No. 21). The undersigned has reviewed the Motion, and is otherwise fully advised on the matter. For the reasons set forth below, the undersigned recommends that the Motion be **GRANTED IN PART AND DENIED IN PART** and that Defendant be awarded **$2,248.70** in costs.

### I.    BACKGROUND

In March 2021, Plaintiff filed a Verified Complaint and Jury Demand in the Circuit Court of the 17th Judicial Circuit, in and for Broward County Florida, alleging employment discrimination based on sexual harassment and retaliation (in violation of Florida Statute § 760) and for whistleblower retaliation (in violation of Florida Statute § 448.102). *See* (ECF Nos. 1 at 1, 1-1). In April 2021, Defendant removed the case to this Court. *See generally* (ECF No. 1). In March 2022, the Court granted Defendant's Motion for Summary Judgment by default and entered Final Judgment in favor of Defendant and against Plaintiff. (ECF Nos. 17, 18). The instant Motion followed.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).  A prevailing party is "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001); *see Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop.*, 298 F.3d 1238, 1248 (11th Cir. 2002).

A prevailing party is "entitled to receive all costs that are recoverable under 28 U.S.C. § 1920." *Bryant v. Cab Asset Mgmt., LLC*, No. 10-CV-61514, 2011 WL 1331267, at *3 (S.D. Fla. Apr. 6, 2011).  "Such costs, however, may not exceed those permitted by 28 U.S.C. § 1920." *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007) (citing *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002)); *see Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).  The items that may be taxed as costs under § 1920 include: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under § 1923 of this title; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under §1828 of this title.  28 U.S.C. § 1920.

Unless otherwise prohibited, "[a] prevailing party may recover costs as a matter of course" and "the losing party bears the burden of demonstrating that a cost is not taxable, unless knowledge regarding the proposed cost is within the exclusive control of the prevailing party." *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009) (citations omitted).  Nonetheless, the prevailing party must submit a request for costs that allows the Court to determine what costs were

incurred and whether the prevailing party is entitled to them. *Ferguson v. N. Broward Hosp. Dist.*, No. 10-CV-61606, 2011 WL 3583754, at *3 (S.D. Fla. Aug. 15, 2011) (citation omitted). The Court has the discretion to award those costs specifically enumerated in § 1920, but the Court may not tax as costs any items not authorized by the statute. *See, e.g., Crawford,* 482 U.S. at 441-42. Additionally, pursuant to Local Rule 7.3, a bill of costs must include documentation showing the amount of costs and a supporting memorandum. S.D. Fla. L.R. 7.3(c). Lastly, although the Court has discretion in determining whether to award costs to a prevailing party, the Court must give a reason for denying costs. *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995).

### III. <u>DISCUSSION</u>

It is undisputed that, as the prevailing party in this case, Defendant is entitled to costs. Defendant seeks an award of $2,449.20 in taxable costs. *See generally* (ECF Nos. 19, 20 at 3). More specifically, Defendant seeks costs for fees of the clerk ($402) and fees for Plaintiff's deposition transcripts ($2,047.20). (ECF Nos. 19 at 1, 20 at 3). Plaintiff has failed to oppose or otherwise respond to the Motion.

#### A. Fees of Clerk

Pursuant to 28 U.S.C. § 1920(1), the $402 fee for removal of the case to federal Court is recoverable. (ECF No. 19-1 at 2). Accordingly, Defendant should be awarded $402 for fees of the Clerk.

#### B. Deposition Transcripts and Related Fees

Under 28 U.S.C. § 1920, a party is entitled to recover fees for printed or electronically recorded transcripts that were "necessarily obtained for use in the case." *EEOC. v. W&O, Inc.*, 213 F.3d 600, 620-21 (11th Cir. 2000). Here, Defendant seeks to recover for the costs of deposition transcripts and related services for Plaintiff's two depositions, held on October 5 and November 15, 2021. (ECF No. 19-1 at 3, 4). The invoices reflect total costs of $1,455.35 and $591.85, respectively.

(ECF No. 19-1 at 3, 4). These totals include additional costs beyond the transcripts, such as attendance fees at the two depositions ($337.50 and $110, respectively), costs for litigation ($48 x 2) and exhibit ($48.50) packages, and costs for delivery and handling ($28 x 2). *Id.*

The undersigned finds that the costs for the deposition transcripts and attendance fees are recoverable. *See, e.g., Maier v. City of Fort Lauderdale,* No. 20-CV-61544-RS (S.D. Fla. Mar. 18, 2022) (ECF No. 57), *report and recommendation adopted,* (S.D. Fla. Apr. 12, 2022) (adopting recommendation to award reporter attendance fee); *Magaldi v. Safeco Ins. Co.*, No. 07-CV-80618, 2009 WL 1851102, at *5 (S.D. Fla. June 29, 2009) (noting that recoverable costs include the deposition transcript cost and the attendance fee of the court reporter). Indeed, courts have recognized that court reporter attendance fees are properly taxable as costs because it is necessary for the court reporter to appear and record the testimony, and subsequently prepare the deposition transcript. *See, e.g., Frank v. Paddy's Inheritance, Inc.*, No. 14-CV-61312, 2015 WL 7720568, at *2 (S.D. Fla. Nov. 30, 2015).

Nonetheless, Defendant does not explain the reasonableness or necessity of the other charges beyond the deposition transcripts and attendance fees (e.g., the costs for litigation packages, exhibit packages, or for delivery and handling). Therefore, in the absence of any explanation, the undersigned finds that these costs should be deducted from the cost award, as they appear to have been incurred for counsel's convenience. *Brady v. Carnival Corp.,* No. 19-CV-22989, 2021 WL 1988524, at *5 (S.D. Fla. Mar. 8, 2021), *report and recommendation adopted*, 2021 WL 1998316 (S.D. Fla. May 19, 2021) (denying costs of expedited or immediate delivery, color exhibits, and litigation packages incurred merely for counsel's convenience). Accordingly, Defendant should recover the costs for

Plaintiff's deposition transcripts and attendance fees ($1,846.70)[1] and nothing for litigation package, exhibit package, or delivery/handling charges.

In sum, Defendant should recover **$2,248.70**, which includes the costs incurred for: (i) the filing fee; (ii) Plaintiff's deposition transcripts; and (iii) attendance fees.

## IV.    RECOMMENDATION

For the reasons set forth above, it is respectfully **RECOMMENDED** Defendant C.K.S. Packaging, Inc.'s Bill of Costs under 28 U.S.C. § 1920 (ECF Nos. 19, 20) be **GRANTED IN PART AND DENIED IN PART**. Defendant should be awarded a total of **$2,248.70** in costs.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2021); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on April 18, 2022.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Raag Singhal
    All Counsel of Record

---

[1] This amount includes costs incurred on October 5 ($874+ $337.50 + $110 +$9.35) and November 15 ($207 + $110+ $3.85+ $195) = $1,846.70.